UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH JAWOROWSKI, : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | |
| : | No. 3:14-cv-00720-JCH |
| NRA GROUP, LLC d/b/a NATIONAL : | |
| RECOVERY AGENCY, : | |
| : | |
| Defendant. : | |
| : | November 4, 2014 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

Defendant submits this memorandum in support of its accompanying motion to compel (the "Motion to Compel") after attempting to discuss the issues relating to Plaintiffs Objections in an effort avoid such motion practice. Plaintiff refused to confer with Defendant, and instead stated by e-mail, "Should you feel the need to file a motion to compel with the court, please do - and I will substantiate my response appropriately." See e-mail thread annexed to the Motion to Compel as Exhibit B. The plaintiffs position reflects her complete misunderstanding of her obligations under the Federal Rules of Civil Proced ure. Having commenced this action, plaintiff may not refuse to provide even the most basic, relevant information concerning her claims.

I.   DISCOVERY - STANDARD UNDER RULE 37(a)(3)

Pursuant to Rule 37(a)(3), a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if, inter alia, a party fails to answer an interrogatory submitted under Rule 33 or fails to respond that inspection [of requested documents] will be permitted—or fails to permit inspection—as requested under Rule 34. In federal civil proceedings, parties may only obtain discovery regarding a non-privileged matter that is relevant to a claim or defense involved in the pending litigation. For this purpose, relevance is viewed broadly in that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence ....   Ultimately, the district court enjoys broad discretion when

resolving discovery disputes...." (Internal citations omitted; internal quotation marks omitted) *Young v. McGill,* 2013 WL 5962090, *1-*3 (D.Conn. 2013) (attached hereto).

Defendant served plaintiff with discovery by way of nine (9) interrogatories and eleven (11) requests for production on August 6, 2014, and then again on September 16, 2014 (each referred to herein at times, generically, as a "request"). With the exception of the first interrogatory, plaintiff objected to every interrogatory and request for production. The interrogatories and requests for production are addressed in order below with plaintiffs responses appearing in bold, followed by Defendant's argument as to why plaintiff should be compelled to answer.

## II. DISCOVERY REQUESTS, RESPONSES FROM PLAINTIFF AND ARGUMENT IN SUPPORT OF PRODUCTION

### A. Interrogatories

Interrogatory No. 2

Identify the debts described in Paragraph 9 of the Complaint by providing (a) the name of the creditor; (b) the date of service or purchase; and (c) the nature of goods or services provided.

**Plaintiff objects to this interrogatory to the extent that information requested has already been provided, or is otherwise already within the possession, custody, or control of Defendant.**

Defendant recognizes that certain documents are attached to the Complaint, and Defendant does not request that the same be reproduced. However, the information sought in this request was not provided previously. The request is relevant to the entire complaint because the causes of action are founded upon the debts alleged in Paragraph 9 of the Complaint, and the debts in question must have been incurred for

personal, family or household purposes as a threshold requirement under the FDCPA. This most basic inquiry is plainly relevant, and the answer should be provided. Interrogatory No. 3

State the date and manner of payment as alleged in Paragraph 11 of the Complaint.

**Plaintiff objects to this interrogatory to the extent that information requested has already been provided, or is otherwise already within the possession, custody, or control of Defendant.**

The information sought in this request was not provided previously and is not attached to the Complaint. The request is relevant because plaintiff claims to have paid the debt in question. Plaintiff claims to have made payments and to have stopped payments. There is no reason for plaintiff to refuse to provide specific information about the payments. Interrogatory No. 4

State each step Plaintiff took to protest the payment to her bank, identify the bank and state the date on which any such payment was voided, and the manner in which it was voided.

**Plaintiff objects to the interrogatory to the extent that it is overly burdensome and oppressive, and seeks information that has been previously provided to the Defendant.**

This objection is conclusory and not supportable by any facts. The request is relevant to the allegations of the Complaint, and the information is not known to the defendant, being within the control of the plaintiff and/or her bank.

Interrogatory No. 5

If Plaintiff applied for any mortgage, state:

(1) The date of the application;

(2) The amount and terms of the mortgage for which Plaintiff applied, including a description of the relevant property;

(3) Describe the results of such application

**Plaintiff states the following: Plaintiffs attempts to obtain a loan on favorable terms were not successful due to credit report entries by Defendant on Plaintiffs credit report.**

Plaintiff's response is not fully responsive, ignoring the first two parts of the interrogatory. Plaintiff alleges to have been in the "home buying process" with several buyers and sellers as alleged in Paragraph 11 of the Complaint. The request is also relevant to plaintiffs allegations in Paragraphs 13 wherein plaintiff alleges that the reduction in her credit score cost her "thousands of dollars" associated with the mortgage. The defendant is entitled to learn the details of the transaction from which plaintiffs alleged damage claims derive.

Interrogatory No. 6

State every postal address of Plaintiff at which she received mail in the two year period immediately preceding the Complaint.

**Plaintiff objects to this interrogatory on the ground that it seeks information, or a response, that is not limited to the years of the alleged occurrence.**

This objection is conclusory. The request is relevant to plaintiff's claims that she never received notice of the outstanding debts in alleged in Paragraphs 10 and 16 of

the Complaint. The request for a two year look back period for prior addresses is relevant for Defendant to help determine if notices sent by plaintiff were received. The interrogatory is straightforward and can be answered easily. The refusal to answer is not justified. <u>Interrogatory No. 7</u>

Describe in detail the precise nature of Plaintiff's dispute with any alleged debt the Defendant was hired to collect from Plaintiff.

**Plaintiff objects to this interrogatory to the extent that information requested has already been provided, or is otherwise already within the possession, custody, or control of Defendant.**

The objection is conclusory and unsupportable by any facts. The information has not been produced previously and is not within the control of Defendant. Plaintiff has challenged the validity of the debt and also claims to have paid the debt. The request is relevant to such claims as alleged in Paragraphs 11, 12, 17 and 18 of the Complaint. The Defendant is entitled to a detailed explanation of the dispute asserted by the Plaintiff as to the underlying debt.

<u>Interrogatory No. 8</u>

State the nature and amount of actual damages plaintiff claims to have suffered as a result of any alleged wrongful conduct by the defendant, and describe the manner in which such amount was calculated.

**Plaintiff objects to this interrogatory to the extent that information requested has already been provided, or is otherwise already within the possession, custody, or control of Defendant.**

The objection is conclusory and the information sought has not been produced previously and is not within the control of Defendant. Plaintiff claims damages of "thousands of dollars" in Paragraph 13 of Complaint, along with damages claims in Paragraphs 27, 34, and 42 of the Complaint. The request is relevant to all claims for damages. Defendant is entitled to a quantification of such claimed damages and a description of their manner of calculation.

Interrogatory No. 9

Identify any healthcare provider you consulted, or who provided care or treatment as a result of any actual damages claimed in this case.

**Plaintiff objects to this Interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence, or is relevant to the subject-matter of this action.**

The objection to the request is conclusory. The request is directly relevant to plaintiff's claim for damages. If there exists no such healthcare provider, the plaintiff should so state.

B.  **Requests for Production**

Request No. 1

All documents relating to the proposed purchase or sale of real property referred to in Paragraph 7 of the Complaint.

**Plaintiff objects to the request to the extent that it seeks documents that are neither relevant to the subject-matter involved in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiffs objection is conclusory and unsupportable by any facts. The request seeks information the plaintiff herself has put at issue, namely, (i) the sale of her

property, (ii) the thousands of dollars in damages she claims, (iii) the validity and payment of the debt and (iv) damage to her credit rating as a result of the debt, each as alleged in Paragraphs 7 through 19 of the Complaint. The Plaintiff claims damages as a result of transactions regarding real estate. Clearly, the documents related to the transaction could lead to relevant information. Plaintiff's unilateral declaration that the request is not relevant does not justify the refusal to produce. <u>Request No. 2</u>

All documents relating to plaintiff's application for any mortgage, and the results of such application.

**Plaintiff objects to the request to the extent that it is overly broad burdensome and oppressive, vague and ambiguous, overly broad.**

Plaintiff's objection is conclusory and unsupportable by any facts. As with the first request, this request seeks information the plaintiff herself has put at issue in Paragraphs 7 through 19 of the Complaint, to which Defendant should be entitled.

<u>Request No. 3</u>

Any documents evidencing the payments described in Paragraph 11 of the Complaint, including but not limited to checks, account statements or other records.

**Plaintiff objects to the request to the extent that the documents requested are already within the possession, custody, or control of Defendant.**

This objection is conclusory and incorrect. The Defendant does not have the checks reflecting plaintiff's payments. The request is relevant to plaintiffs claim that she paid the debt as alleged in Paragraph 11 Complaint and the identification of the bank on which the checks were drawn.

Request No. 4

Any documents evidencing or relating to the events described in Paragraph 12 of the Complaint.

**Plaintiff objects to the request to the extent that it is overly broad burdensome and oppressive, vague and ambiguous, overly broad.**

Paragraph 12 of the Complaint states: "After making this payment which she believes was extorted by Defendant, Plaintiff protest with her bank, who has voided payment to Defendant until validity of the debt is verified." Plaintiff's objection is conclusory and it is inconceivable how the same can be supported with any facts. The request is relevant to the claims of validity of the debt, payment of the debt, alleged "extortion" on behalf of Defendant and plaintiffs damages, all as alleged in Paragraph 12 of the Complaint. The refusal to respond is baseless.

Request No. 5

Any agreement with Plaintiff's mortgage broker as alleged in Paragraph 14 of the Complaint.

**Plaintiff objects to the request to the extent that it is overly broad burdensome and oppressive, vague and ambiguous, overly broad.**

Plaintiffs objection is conclusory and not supportable by any reasonable argument. Plaintiff alleged that her mortgage broker communicated with Defendant on her behalf. Defendant is entitled to know if there was any agreement governing the relationship between plaintiff and her broker. That agreement would also identify the broker. If there is no such agreement, plaintiff should so state.

Request No. 6

All documents relating to, or comprising any communications between:

      (a) Plaintiff and her mortgage broker

      (b) Plaintiff and J. Graham Zahoruiko

**Plaintiff objects to the request to the extent that it is overly broad burdensome and oppressive, vague and ambiguous, overly broad.**

    Plaintiff's objection is conclusory, and it is inconceivable how the same can be supported with any facts. Plaintiff alleges that both her mortgage broker and J. Graham Zahoruiko communicated with Defendant regarding the debt. The request is relevant to such allegations and the allegations of Paragraphs 11 through 20 of the Complaint. The request straightforwardly seeks documents evidencing communications with individuals who purportedly attempted to act on Plaintiff's behalf. Defendant would be willing to limit the request to subject matter relating to the claims in this action; the debt; credit reporting; mortgage applications; dealing with defendant and damages. <u>Request No. 7</u>

    All documents concerning or comprising communications from:

      (a) Plaintiff to Defendant

      (b) Zahoruiko to Defendant

      (c) Defendant to Plaintiff

      (d) Plaintiff to Plaintiffs Bank

**Plaintiff objects to the request to the extent that it is overly broad, burdensome, oppressive, vague and ambiguous and is not reasonably calculated to lead to the discovery of admissible evidence.**

    The objection is conclusory and not supportable by any facts. Defendant is entitled to non-privileged information relevant to the claims made by plaintiff. The request is relevant to the allegations of Paragraphs 7 and 10 through 20 of the

Complaint. Defendant agrees to limit the request to matters concerning the underlying debt and payment thereof and/or any mortgage application.

Request No. 8

The "authorization" referred to in Paragraph 15 of the Complaint.

**Plaintiff objects to the request as phrased as it is not relevant to the cause of litigation. Without waiving such objection Plaintiff states that paragraph 15 of the complaint does not reference any "authorization".**

The objection is conclusory and not supportable by any facts. Paragraph 15 of the Complaint alleges specifically that "Plaintiff provided authorization to J Graham Zahoruiko as her agent...." Defendant is entitled to the requested document, if any exists.

Request No. 9

Complete credit report shown on Attachment "A" to the Complaint.

**Plaintiff objects to the request to the extent that the documents requested have been provided to and are already within the possession, custody, or control of Defendant.**

The objection is conclusory and incorrect. Defendant has not been provided with the complete credit report. The request is relevant to the allegations that Plaintiffs credit score was lowered by the reporting of the debt and that such reporting resulted in damages, each as alleged in Paragraphs 7 through 12 of the Complaint. The defendant cannot rely on a partial credit report without disclosing the remainder of the document. Request No. 10

Complete Credit report referenced on Attachment "B" to the Complaint.

**Plaintiff objects to the request to the extent that the documents requested have been provided to and are already within the possession, custody, or control of Defendant.**

The objection is conclusory and incorrect. Defendant has not been provided with the complete creditor report. The request is relevant to the allegations that Plaintiff's credit score was lowered by the reporting of the debt and that such reporting resulted in damages, each as alleged in Paragraphs 7 through 12 of the Complaint. The defendant cannot rely on a partial credit report without disclosing the remainder of the document.

<u>Request No. 11</u>

HUD-1 in connection with the Closing referenced in Paragraph 13. **Plaintiff objects to the request as phrased as it is vague, and ambiguous and is not reasonably calculated to lead to discovery of admissible evidence.**

The objection is conclusory and not supportable by any facts. The request is relevant to the allegations that the reduction in credit score "cost Plaintiff thousands of dollars in additional closing costs and personal mortgage insurance premiums associated with the mortgage", as alleged in Paragraph 13 of the Complaint. **III. CONCLUSION**

The requests, in each instance, seek information regarding non-privileged matter directly relevant to plaintiffs claims and/or Defendant's defenses in this litigation. Plaintiff has interposed objections in conclusory fashion seemingly due to a lack of understanding of the federal rules regarding discovery, or in an inappropriate attempt to avoid complying with the requests. Defendant asserts that it is entitled to the information sought and seeks an order requiring Plaintiff to provide the responses.

*Respectfully submitted.*

DEFENDANT
NRA Group, L.L.C. d/b/a
NATIONAL RECOVERY AGENCY

By: _____/s/_____
    Jonathan D. Elliot
    Michael A. Carbone

   Zeldes, Needle & Cooper, P.C.
   1000 Lafayette Blvd., Suite 500
   Bridgeport, CT 06601
   Tel: (203)333-9441
   Fax: (203) 333-1489
   ielliot@znclaw.com
   mcarbone@znclaw.com

Its Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on November 4, 2014, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

and via U.S. First Class Mail, postage prepaid, to:

Elizabeth Jaworowski
57 Woodhenge Drive
Tolland, CT 06084
Email: elizabeth@elizabeth-esposito.com


                                                      **/s/**
                                         Jonathan D. Elliot