**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ELIZABETH JAWOROWSKI, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 3:14-cv-00720-JCH |
| : | |
| NRA GROUP, LLC, : | |
| : | |
| : | |
| Defendant. : | |
| : | DECEMBER 3, 2014 |

## STATUS REPORT

Although the following includes statements added by the plaintiff, we have been unable to procure her consent to the submission of the status report in its current form.

**I.   CLAIMS.**

A.  Defendant's Statement.

Plaintiff asserts claims under the Federal FDCPA, in particular 15 U.S.C. §§ 1692e, 1692f and 1692g against the Defendant.  Defendant denies the material allegations of the Complaint, and states that plaintiff paid the claim and, after payment, no "debt" existed within the meaning of the FDCPA; and that any acts complained of after payment did not occur in connection with the collection of a debt.  Defendant also asserts that certain claims may be barred by the FDCPA's statute of limitations; and, that if any violation occurred, which defendant denies, the same was a result of a bona fide error**.**

B.    Plaintiff's Statement.

Plaintiff denies she has paid the claim.  Due to Defendant's violation of Plaintiff's due process (through predatory "hold-a-gun-to-my-head" collection actions), Plaintiff

initially paid the claim (although unwillingly) in order to attempt to reverse the damage done to her credit rating.  Shortly thereafter, Plaintiff learned the damage had already been done with the mortgage (and, unfortunately ultimately led to a very expensive mortgage loan as credit could not be "re-run").  After carefully considering the reckless harm caused by the Defendant, Plaintiff opened a claim with her bank (Bank of America).  Bank of America did an investigation, found sufficient cause and reversed out Defendant's charges to Plaintiff.  Plaintiff filed this lawsuit to recover damages and to set an example that collecting a debt should be done fairly and should never be done where incredible leverage shifts into the hands of the debt collector – leaving a "presumed" debtor with no options to dispute or negotiate.  Plaintiff believes there was no "error" caused by Defendant and believes Defendant uses this technique as the way to mount incredible leverage through predatory practices including negative credit reporting before the validity of the debt is tested or negotiation happens.  Defendant's reckless practices seems to be very good for Defendant's business, yet highly unfortunate for those who are targeted - including the Plaintiff who is a single Mom who works very hard at 2 jobs, provides for her three (3), approaching college years children.  Prior to Defendant's reckless behavior, Plaintiff had maintained a great credit rating and hopes of saving for her children's education.  Unfortunately, those hopes have been significantly diminished.

**II.     DISCOVERY.**

    A.     <u>Defendant's Statement.</u>

The parties have each served written discovery requests.  Defendant responded to plaintiff's written discovery on November 24, 2014.  Plaintiff responded to discovery

with objections and almost no information.  Defendant has filed a motion to compel responses from plaintiff under Rule 37, which remains pending (see Doc. ID. 28).

No depositions have been noticed to date.  Pursuant the Scheduling Order (see Doc. ID. 26), all discovery is to be completed by January 31, 2015 and is proceeding.  Depending on when the Court rules on defendant's discovery motion, modification of the schedule may be necessary.

### B.     Plaintiff's Statement.

In Plaintiff's Objection to Defendant's Motion to Compel, Plaintiff contends (and sincerely feels) that Defendant through counsel is leveraging the same "due process violation and vexatious litigation" techniques in its discovery as it used in the original collection matter.

## III.     AMENDMENTS.

No amendments to pleadings are contemplated.

## IV.     ANTICIPATED MOTIONS.

Defendant believes that, following the close of discovery, the action will be susceptible to a motion for summary judgment by the defendant.

## V.     SETTLEMENT.

To date the parties have not engaged in meaningful settlement discussions, and there is no settlement conference scheduled at this time.

,                        THE DEFENDANT,
                            NRA GROUP, LLC


By:_____/s/_____
    Jonathan D. Elliot
    Michael A. Carbone
    Zeldes, Needle & Cooper, P.C.
    1000 Lafayette Boulevard
    Bridgeport, CT  06604
    Tel:  203-333-9441
    Fax:  203-333-1489
    E-Mail:  jelliot@znclaw.com
    E-Mail:  mcarbone@znclaw.com

Its Attorney

## **CERTIFICATION**

I hereby certify that on this 3rd day of December, 2014, a copy of foregoing Report of Parties' Planning Conference was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Jonathan D. Elliot